IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEDRIC L. YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DR. RICHARD STEFANIC, DR. BLATT, MYRON STANISHEFSKI, DR. RICHARD S. ELLERS,<br><br>　　　　　　Defendants. | Civil Action<br><br>No. 10-CV-3449  |

**MEMORANDUM & ORDER**

Pollak, J.

On July 12, 2010, Plaintiff Cedric L. Young, a prisoner in the custody of the Pennsylvania State Department of Corrections ("DOC"), commenced the present action, brought under 42 U.S.C. § 1983, by filing a *pro se* complaint. On November 2, 2010, Young filed an amended complaint. On August 3, 2011, I granted motions to dismiss filed by defendants Richard Stefanic, M.D., Myron Stanishefski, and Richard S. Ellers, M.D. Presently before the court are: (1) a motion by Young requesting the entry of default and a default judgment against the one remaining defendant, William Blatt, M.D. (Docket no. 52); and (2) a motion by Blatt to dismiss Young's amended complaint (Docket no. 57).

1

## I. Young's Motion for Default Judgment

Young moved for the entry of default and a default judgment against Blatt on August 31, 2011. Because, at that time, there was no return of service as to Blatt, the Clerk of Court did not enter default against Blatt, and I did not enter a default judgment. *See Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) (proper service of the summons and complaint is a prerequisite to personal jurisdiction). On September 15, 2011, Blatt returned an executed waiver of service and, on September 23, 2011, Blatt filed the motion to dismiss presently under consideration. Since Blatt has now appeared and defended, Young's motion will be denied. *See* Fed. R. Civ. P. 55.

## II. Blatt's Motion to Dismiss

Young's amended complaint alleges that Blatt, a physician employed by the DOC, violated his constitutional rights by providing inadequate medical treatment for his injured knee.[1] Young's amended complaint makes the following factual allegations against Blatt:

> On or about July 25, 2007, Plaintiff was seen by Dr. Blatt concerning his knee injury and the pain that plaintiff continued to experience. Being a

---

[1] Blatt argues that Young failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). However, as explained in my August 3, 2011, memorandum, Young exhausted his administrative remedies with respect to his first grievance. Since Young's first grievance encompassed his claims with regard to the DOC's allegedly inadequate treatment of his knee injury, 42 U.S.C. § 1997e(a) does not bar his claim against Blatt.

doctor, Dr. Blatt should have knew—after Plaintiff explained to him how he injured his leg and how it popped out of place during a basketball game—that Plaintiff needed immediate medical attention, but instead, Dr. Blatt demonstrated improper, negligent, or unethical conduct or treatment by prescribing (500mg) Naprozen for the pain, and scheduled plaintiff to see a physical therapist who was not a doctor. Therapy did not help at all, Plaintiff's left knee continued to pop out of place causing Plaintiff's knee to swell up continuously. . . . Because physical therapy did not work and since Plaintiff's medical issue was out of Dr. Blatt's rang[e]—or knowledge—Plaintiff was referred to Dr. Stefanic. Dr. Blatt should have known immediately that Plaintiff needed immediate medical treatment since he could not treat Plaintiff's medical issue properly, Dr. Blatt should have referred plaintiff to someone—a doctor—who could properly diagnose Plaintiff's medical need—issue—not a physical therapist. A physical therapist is not a doctor.

Accepting all of Young's factual allegations as true and construing Young's complaint liberally, as the court must do with complaints filed *pro se*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Young's complaint fails to state a claim against Blatt upon which relief can be granted. *See* Fed R. Civ. P. 12(b)(6). Young's claim against Blatt, raised under the Eighth and Fourteenth Amendments, fails because the facts Young has alleged do not demonstrate deliberate indifference. *See Estelle,* 429 U.S. at 106 (holding that "[i]n order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"). "It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Read in the light most favorable to Young, the amended complaint alleges facts that, if established, might conceivably

support a finding that Blatt provided inadequate medical care or that he was negligent in failing to make a proper referral. Nothing in the amended complaint suggests that Blatt knew of Young's need for medical treatment and intentionally refused to provide it, that he delayed Young from receiving necessary medical treatment based on a non-medical reason, or that he prevented Young from receiving needed or recommended treatment. Young's complaint therefore does not make out a claim for deliberate indifference. *See id.*

### III. Order

AND now, this 14 day of March, 2012, it is hereby ordered that:

1. Young's motion for entry of default and for a default judgment against Blatt (Docket no. 52) is **DENIED**; and

2. Blatt's motion to dismiss Young's amended complaint (Docket No. 57), is **GRANTED**, and Young's claims against Blatt are **DISMISSED**.

BY THE COURT:

_____
Pollak, J.